**8 So.2d 536**

**CITY OF NEW ORLEANS v. ESTRADE.**

No. 36616.

April 27, 1942.

Rehearing Denied May 25, 1942.

Paul B. Habans and A. I. Kleinfeldt, both, of New Orleans, for relator.

Francis P. Burns, City Atty., and Howard W. Lenfant, Asst. City Atty., both of New Orleans, for respondents.

McCALEB, Justice.

The relator, Dominique Estrade, was charged by affidavit in the First Recorder's Court of the City of New Orleans with the violation of Section 3 of Ordinance No. 11302 Commission Council Series, in that he conducted a horseshoe pitching game in an "A" residential district. He was found guilty and was sentenced to pay a fine of $10 or, in default thereof, to serve thirty days in the parish prison. He appealed to the Criminal District Court for the Parish of Orleans where, the judgment was affirmed, whereupon this Court, upon application therefor, granted writs of certiorari and prohibition.

The essential facts of the case are not disputed and the issue is solely one of law, namely,—Did the act with which relator was charged constitute a violation of the ordinance in question?

Relator, who resides at 5027 South Johnson Street in the City of New Orleans, constructed two horseshoe pitching courts in his side yard adjoining his home, which courts were equipped with electric lights to illuminate them for night playing. Some five or six nights a week and on Sunday afternoon, relator's friends gathered in the yard and pitched horseshoes for several hours. This apparently greatly disturbed some of the neighbors and complaints were made at various times to the police. As a

result, the relator was charged on July 8, 1941, with "operating horse shoe pitching game in A residential area" in violation of the zoning ordinance.

Counsel for relator contend that the affidavit sets forth no offense, but if it does, then the ordinance is unconstitutional being beyond the police power of the city.

The pertinent part of Section 3 of Ordinance 11302 C.C.S. upon which the charge against relator is founded, reads as follows:

"Be it further ordained * * * that in the 'A' Residence District no building or premises shall be used and no building shall be hereafter erected or structurally altered, unless otherwise provided in this ordinance, except for one or more of the following uses:

"* * * 6. Golf courses, Tennis courts. * * *"

It is contended by the City of New Orleans that, since the game of pitching horseshoes is not listed in any of the exceptions contained in the ordinance (as golf courses or tennis courts), it necessarily follows that it is prohibited.

We think, however, that the argument of the City Attorney overlooks the underlying purpose for which the ordinance was enacted—that is, to establish certain areas within the city which would be devoted exclusively to residential uses or commercial or semi-commercial uses as the case may be. It was never the intention of the framers of the ordinance to limit the conduct of its citizens in the use and enjoyment of their own premises.

There is nothing in the ordinance which prohibits a property owner from playing legitimate games or engaging in similar amusements; nor does the ordinance seek to restrict the use of private property where such use is coincidental with the maintenance of a home. It is not the playing of games, other than golf and tennis, which is prohibited but rather the establishment and maintenance of buildings or other structures for public or semi-public use. Thus, the erection and maintenance of ping-pong, shuffle-board, croquet, or volley ball courts or courses on zoned residential property for public or semi-public uses might constitute a violation of the ordinance. But, surely, it could not be seriously contended that it is a violation of the zoning ordinance for one to erect a shuffle-board or a badminton court in his own yard for the use and enjoyment of himself, his family and friends, or that it is illegal for children to engage in their various games and amusements in the yards of their homes. Yet, that would necessarily be the result if we upheld the judgment of conviction.

The fact that the relator has erected permanent horseshoe pitching courts with electric lights for night playing cannot alter the nature of the amusement. If the noise and lights are unusual and, therefore, tax the nerves and patience of the neighbors, they have an adequate remedy to abate the nuisance, if there is one. And, if the participants are excessively boisterous in their excitement of playing the game and thereby disturb the neighbors, another remedy is available.

For the reasons assigned, the conviction and sentence under review herein are annulled and the relator is ordered discharged.